UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 01-10469-GAO

UNITED STATES OF AMERICA,

v.

WILLIAM OLIVERO,
Defendant.

MEMORANDUM AND ORDER
October 17, 2012

O'TOOLE, D.J.

William Olivero was convicted by a jury of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and was sentenced to 48 months imprisonment, followed by five years of supervised release. He appealed his conviction and sentence and the government cross-appealed as to Olivero's sentence. The Court of Appeals affirmed the conviction but, agreeing with the government's appeal of the sentence, vacated it and remanded the case to the district court for resentencing. United States v. Yeje-Cabrera, 430 F.3d 1, 5 (1st Cir. 2005). On remand, the case was reassigned to me, consistent with this Court's local rules.  After a two-day sentencing hearing, Olivero was re-sentenced to 235 months of imprisonment and five years of supervised release.  The sentence was affirmed on appeal. United States v. Olivero, 552 F.3d 34, 42 (1st. Cir. 2009).

Olivero has moved to vacate his sentence pursuant to 28 U.S.C. § 2255; he also filed a supplemental pleading to that motion.[1] Having reviewed the evidence on the record and the

---

[1] In his supplemental pleading, Olivero alleges that the re-sentencing violated his rights under the Fifth and Sixth Amendments because he was improperly re-sentenced under 18 U.S.C. § 3742(g)(2), which was invalidated by Pepper v. United States, - - - U.S. - - - -, 131 S.Ct. 1229

parties' submissions, I find that an evidentiary hearing is unnecessary and that Olivero's motion to vacate his sentence is DENIED for the following reasons.

**I.**     **Discussion**

In his motion to vacate, Olivero claims he was given ineffective assistance by his counsel because counsel: 1) failed to object to certain trial testimony; 2) disregarded Olivero's wishes not to appeal his conviction and 48-month sentence and then not to submit to re-sentencing by a different district court judge than the trial judge; and 3) failed at both sentencing hearings to argue against the applicability of a ten-year mandatory minimum sentence.

In order to establish an ineffective assistance of counsel claim, the petitioner must demonstrate both that "counsel's representation fell below an objective standard of reasonableness," and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A lawyer's representation falls below an objective standard of reasonableness when "counsel's choice was so patently unreasonable that no competent attorney would have made it." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (internal citations and quotations omitted). Prejudice exists when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 66 (internal citations and quotations omitted). In assessing counsel's representation, "hindsight" should be avoided, and the court must "judge the reasonableness of

---

(2011), and that the re-sentencing judge should have instead used 18 U.S.C. § 3553(a). The re-sentencing transcript indicates that in fact I specifically referred to § 3553(a) as the guiding statute: "There are a number of factors that are set forth in the statute, the sentencing statute, Section 3553(a) that the Court is required to take account of and give consideration to now in determining the sentence." (Tr. of Continuation of Sentencing at 21:16-19 (dkt. no. 858).) Olivero also argues that Iolivero
 improperly viewed the guidelines as mandatory. The First Circuit has already addressed this claim and concluded that "[t]he court did not treat the Guidelines as mandatory or otherwise err; it followed the procedure for sentencing that this court has set out." Olivero, 552 F.3d at 42.

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 689-90. There is "'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and represents sound trial strategy." Jewett v. Brady, 634 F.3d 67, 75 (1st Cir. 2011) (quoting Strickland, 466 U.S. at 689).

"A court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697. Thus, if either part of the test is not satisfied, a claim for ineffective assistance of counsel will fail.

    A.    Testimony Defining the Term "Peso"

First, Olivero argues that counsel should have objected to Omi Montanez's testimony at trial, in which Montanez suggested that "peso" was a code word for kilograms of cocaine, because it amounted to unqualified "expert witness testimony," and was "conclusory and speculative."[2] (Mot. Pursuant to 28 U.S.C. § 2255 at 5 (dkt. no. 911).)

A lay witness who possesses "inside knowledge" may testify as to the meaning of code words, if the testimony is consistent with the requirements of Fed. R. Evid. 701. United States v. Grullon, 545 F.3d 93, 95-96 (1st. Cir. 2008) (citation omitted). Fed. R. Evid. 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

---

[2] In his motion to vacate, Olivero splits these claims into two different grounds, but repeats many of the same allegations in both grounds. Therefore, I will address both grounds as one claim.

Here, Montanez's testimony meets the criteria of the rule and thus counsel did not perform deficiently by failing to object.

Furthermore, Olivero was not prejudiced by counsel's failure to object to the testimony because there does not exist a reasonable probability that Olivero's sentence would have varied had it not been for counsel's failure to object to the testimony. Upon Olivero's appeal of the re-sentencing, the First Circuit found that wiretap transcripts of two conversations provided sufficient basis for concluding that Olivero was responsible for at least 260 kilograms of cocaine. Olivero, 552 F.3d at 39. "There is no dispute about the fact or content of these conversations." Id. The court also noted that the fact that "the PSR contained transcripts of conversations in which Olivero agreed to 'babysit' a drug supplier. Olivero's role in the 260-kilogram shipment alone was sufficient to meet the statutory and Guidelines thresholds for his sentence." Id. at 39, n.1. Therefore, counsel's objection to the meaning of the term "peso" would not have affected the length of Olivero's sentence, and the prejudice prong of Strickland has not been satisfied.

    B.    Appeal and Re-sentencing Before Different Judge

Second, Olivero argues that counsel appealed the first 48-month sentence despite his instruction, and, when the sentence was vacated, persuaded him to change judges for re-sentencing by suggesting that a new judge would impose a comparable sentence. As to the first point, Olivero cannot establish that he was prejudiced a result of counsel's decision to appeal because the government filed its own independent sentencing appeal, and it was the government's appeal that the Court of Appeals agreed with. Thus, the sentence would have been reviewed and vacated even if there had been no appeal filed by his counsel.

Olivero also fails to demonstrate deficient performance or prejudice with respect to the reassignment of the case from the original trial judge to me. At a hearing before the trial judge

4

after remand from the appellate court, the judge asked the parties for their views on whether the case should be reassigned. The transcript demonstrates that after Olivero's counsel indicated he would request the case be reassigned, the judge suggested he confer with Olivero about that request. The transcript indicates that counsel and Olivero conferred, after which counsel stated: "Your Honor, Mr. Olivero concurs with my request which, again, I hope you understand is no reflection on anything about this Court whatsoever." (Tr. of Hr'g at 4:13-15 (dkt. no. 849).) Olivero made no objection to this statement made in open court. In light of this transcript, his assertion that the decision was made by his counsel against his wishes is dubious, to say the least.

But if it were to be credited for present purposes, Olivero also fails to demonstrate any prejudice resulting from reassignment. In ordering the remand for resentencing, the First Circuit noted that it had "reversed each of the rationales relied on by the district court . . . as a matter of law. This means that any reliance upon them at resentencing would be inherently unreasonable." Yeje-Cabrera, 430 F.3d at 30 (citation omitted). As a result, any district judge who conducted the resentencing, including the original trial judge, would have had to construct an entirely new rationale for sentencing. In light of the Circuit's opinion and mandate, it was unlikely in the extreme that a sentence close to the one overturned would have been imposed. The sentence that was imposed was affirmed on appeal. Olivero's claim that he would have had a lower sentence if the case had stayed with the original trial judge is wholly speculative. He has not shown the necessary prejudice under Strickland.

C.   Mandatory Minimum Sentence

Finally, Olivero argues that counsel at both sentencing hearings should not have "allowed [the] court to believe [that] a 10 year mandatory minimum applied when such a minimum did not

5

exist." (Mot. Pursuant to 28 U.S.C. § 2255 at 6.) However, Olivero's first sentence was less than ten years; the court clearly did not apply a mandatory minimum. Olivero's second sentence was based upon the district court's cocaine quantity determination of 260 kilograms.[3] Olivero appealed the drug quantity determination and the First Circuit concluded that the district court had "sufficient basis for the finding that Olivero was responsible for at least 260 kilograms of cocaine." Olivero, 552 F.3d at 39. Based upon this quantity determination, Olivero was subject to a statutory ten-year mandatory minimum sentence under U.S.C. § 841(b)(1)(A). As a result, it would have been futile for counsel to argue that a ten-year minimum did not exist. In any event, the minimum did not affect the sentencing judgment. Therefore, Olivero cannot satisfy the deficient performance prong of Strickland and his claim for ineffective assistance of counsel fails.

## II.    Conclusion

For the reasons set forth herein, Olivero's motion to set aside his sentence pursuant to 28 U.S.C. § 2255 (dkt. no. 911) is DENIED.

It is SO ORDERED.

                                                   /s/ George A. O'Toole, Jr.
                                                   United States District Judge

---

[3] The court applied the following rationale:
> The court calculated Olivero's base offense level at 38, based on his responsibility for 150 or more kilograms of cocaine, and assigned him a criminal history category of I. The resulting Guidelines range was 235 to 240 months, the statutory maximum. The prosecution suggested 235 months as an appropriate sentence. The court declined to depart from the Guidelines and sentenced Olivero to 235 months, the lowest end of the range.

Olivero, 552 F.3d at 38.